**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NAUTILUS INSURANCE<br>COMPANY | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | |
| vs. | §<br>§<br>§ | Civil Action No: 10-1975 |
| SOUTHERN VANGUARD INSURANCE<br>COMPANY, SOUTHERN INSURANCE<br>COMPANY, W. MURRAY THOMPSON<br>CONSTRUCTION CO., E & J MASONRY,<br>INC. | §<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants.* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Nautilus Insurance Company ("Nautilus"), and represents to the Court as follows:

**1.**
**Introduction**

1.     This is an action for declaratory judgment to determine whether Nautilus has the duty to defend and/or indemnify W. Murray Thompson Construction Co. ("Thompson") under a policy of general liability insurance issued to E & J Masonry, Inc. ("E & J") against the claims raised by Priscilla Aguilar-Villegas and Maria Irma Juarez, as Co-Administrators of the Estate of Ruben Villegas and on Behalf of the Estate of Ruben Villegas (collectively referred to herein as the "Villegas Defendants") that arise out of a workplace accident and fatality. The Villegas Defendants raise these claims in a matter styled *Priscilla Aguilar-Villegas and Maria Irma Juarez, as Co-Administrators of the Estate of Ruben Villegas and on Behalf of the Estate of*

1

*Ruben Villegas v. E & J Masonry, Inc., Murray Thompson Construction Co., Inc., D & J Site Construction, Inc., Hurfco, and Montoya Concrete Work*, Cause No. C-2120-09-B, in the 93rd Judicial District Court of Hidalgo County, Texas (the "underlying lawsuit").

2.      Thompson has a policy of primary insurance with Southern Vanguard Insurance Company, which provides a $1 million limit, and an umbrella policy with Southern Vanguard's sister company, Southern Insurance Company, which provides a $2 million limit (collectively, Southern Vanguard Insurance Company and Southern Insurance Company are referred to herein as "Southern"). Together, the Southern policies provide $3 million in coverage to Thompson. Southern has accepted coverage for this loss on behalf of Thompson. Southern has, through its agent/attorney, asserted that Nautilus is primary to it and should defend and pay the first million dollars of any judgment or settlement.

**2.**
**Parties**

3.      Plaintiff Nautilus Insurance Company is an insurance company that is incorporated in the State of Arizona, with its principal place of business in Scottsdale, Arizona. It is authorized to conduct business in the State of Texas.

4.      Defendant Southern Vanguard Insurance Company is an insurance company that is incorporated in the State of Texas, with its principal place of business in Dallas, Texas. It may be served by serving its president, Parker William Rush, at 5525 LBJ Freeway, Dallas, Texas 75280.

5.      Defendant Southern Insurance Company is an insurance company that is incorporated in the State of Texas, with its principal place of business in Dallas, Texas. It may be served by serving its president, Parker William Rush, at 5525 LBJ Freeway, Dallas, Texas 75280.

2

6.     Defendant W. Murray Thompson Construction Company is a Texas corporation that may be served with process through its registered agent, W. Murray Thompson, at 1/8 Mile West, La Paloma, Box 632, San Benito, Texas.

7.     Defendant E & J Masonry, Inc. is a Texas corporation that may be served with process through its registered agent, Johnny Martinez, Jr., at 1300 North Alamo road, Alamo, Texas.

### 3.
### Jurisdiction and Venue

8.     This court has jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff is an Arizona corporation with its principal place of business in the State of Arizona. Defendants are all citizens of the State of Texas. The amount in controversy, exclusive of interest and costs, well exceeds $75,000.00. This is an actual, justiciable dispute between Nautilus and Southern under 38 U.S.C. § 2201, and Thompson and E & J are persons of interest in the declaration sought herein.

9.     Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(a)(1), as Defendant Southern Vanguard Insurance Company and Southern Insurance Company are Texas citizens with their principal places of business in Dallas, Texas.

### 4.
### Factual Allegations of the Villegas Defendants

10.     The underlying lawsuit arises out of a workplace accident in which Ruben Villegas was killed. Specifically, the Villegas Defendants allege:

> On or about July 10, 2009, Plaintiff-Decedent Ruben Villegas was in the course and scope of his employment for Defendant E & J Masonry, Inc. Plaintiff-Decedent was operating a forklift in San Benito, Cameron County, Texas. While operating a forklift, the forklift overturned and pinned Plaintiff-Decedent to the

3

ground. Plaintiff-Decedent subsequently died on July 17, 2009 as a result of his injuries.

As a result of the conduct of Defendants, E & J Masonry, Inc., W. Murray Thompson Construction Co., Inc., D & J Site Construction, Inc., Hurfco, and Montoya Concrete Work, Plaintiff-Decedent sustained substantial physical and mental injuries. The injuries resulting therefrom were not caused by or contributed to by Plaintiff-Decedent, nor did the same occur through any fault or negligence on the part of Plaintiff-Decedent, but were caused by the negligent and grossly negligent acts of the Defendants, which said acts were the proximate cause of injuries sustained by Plaintiff-Decedent.

11.     None of the claims raised against Thompson in the underlying lawsuit are covered under the Nautilus policy.

## 5.
### The Insurance Policies

12.     Southern Vanguard Insurance Company issued a commercial general liability policy to Thompson bearing policy number CMP5647086, effective for the period of July 1, 2009 to July 1, 2010.

13.     Southern Insurance Company issued a commercial umbrella policy to Thompson bearing policy number UMB 5647088 03, effective for the period of July 1, 2009 to July 1, 2010.

14.     Nautilus issued policy number NC860439 to E & J Masonry, Inc. and E & J Electronic, Inc., effective for the period of March 1, 2009 to March 1, 2010 (the "Nautilus policy").

15.     Southern has accepted responsibility for Thompson's defense and indemnity under the commercial general liability and umbrella policies it issued to Thompson. Southern has, however, through it agent/attorney, demanded that Nautilus undertake these obligations for it. Nautilus has no obligation to do so because there is no coverage for Thompson under the policy Nautilus issued to E & J for the claims raised in the underlying lawsuit.

4

**6.**
**Thompson is an Additional Insured on the Nautilus policy, but there is no Coverage**

16.     By endorsement number two to the Nautilus policy, W. Murray Thompson Construction Company, Inc., is named as an additional insured.  The additional insured coverage granted under the policy to Thompson is limited to bodily injury caused, "in whole or in part," by:

> **1.**     Your acts or omissions; or
>
> **2.**     The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured at the location(s) designed in the Schedule, but only for occurrences or coverages not otherwise excluded in the policy to which this endorsement applies.

***

> The following is added to **4.a.** of **Other Insurance of Section IV – Commercial General Liability Conditions:**
>
> If required in a written contract, your policy is primary and noncontributory in the event of an occurrence caused, in whole or in part, by your acts or omissions, or the acts or omissions of those acting on your behalf that occurs while performing ongoing operations for the additional insured at the location(s) designated in the Schedule.

17.     Although Thompson is listed as an additional insured, all of the damages claimed by the Villegas Defendants are precluded.

**7.**
**Endorsement L205 (02/08) – Exclusion – Injury to Employees,**
**Contractors, Volunteers, and Workers**

18.     The policy contains endorsement L205 (02/08), an exclusion which precludes coverage for bodily injury to an "employee" of any insured arising out of and in the course of:

> **a.**     Employment by any insured.
>
> **b.**     Performing a duty related to the conduct of any insured's business.

The endorsement provides the following definition of the term "employee":

> **C.**    The definition of "employee" in the **Definitions** section is **replaced** by the following:
>
> "Employee" is any person or persons who provide services directly or indirectly to any insured, regardless of whether the services are performed or where the "bodily injury" occurs including, but not limited to, a "leased worker," a "temporary worker," a "volunteer worker," a statutory employee, a casual worker, a seasonal worker, a contractor, a subcontractor, an independent contractor, and any person or persons hired by, loaned to, employed by, or contracted by any insured's contractor, subcontractor, or independent contractor. This definition of "employee" will not modify the provisions of **Section II – Who Is An Insured**.

19.    Exclusion L205 (02/08) precludes coverage for all of the Villegas Defendants' claims against Thompson. As such, there is no coverage for Thompson under the Nautilus policy.

**8.**
**Endorsement L291 (06/07) – Exclusion – Designated Construction Operations**

20.    The policy contains endorsement L291 (06/07), an exclusion modifying the terms of exclusion b. of the policy. Exclusion L291 provides:

"This insurance does not apply to:

> **b.    Contractual**
>
> **(1)**    "Bodily injury," "property damage," "personal and advertising injury," and medical payments for which any insured may be obligated to pay damages by reason of the assumption of liability in any contract or agreement, regardless of whether such contract or agreement is an "insured contract;" or
>
> **(2)**    Any obligation to share damages with or repay someone else who must pay damages.

21.    Although E & J and Thompson had an indemnity agreement, Exclusion L291 (06/07) precludes coverage for E & J for Thompson's indemnity claim.

**9.**
**Scheduled Premises**

22.     The subcontract between the parties describes work that is to be done by E&J for Thompson at Sullivan Elementary School, in San Benito TX.

23.     The site of the incident was at Sullivan Elementary School, 900 Elizabeth Street, San Benito TX.

24.     The policy's additional insured endorsement states that coverage is provided only for operations for the additional insured "at the location designated in the schedule."

25.     The schedule sets out 1300 North Alamo Road, Alamo TX.

26.     Because the incident did not occur at a location designated in the schedule, there is no coverage provided for Thompson for the claims raised by the Villegas Defendants.

**10.**
**Reservation Regarding Amendment**

27.     Nautilus reserves the right to amend as necessary to add to this action additional claims that may be made against Defendants.

        **WHEREFORE, PREMISES CONSIDERED**, Nautilus Insurance Company prays for judgment declaring that there is no coverage for Thompson under the policy issued to E & J for the claims raised by the Villegas Defendants in the underlying lawsuit, that the Southern policies provide primary coverage for this loss, and for such other and further relief, at law or in equity, to which Nautilus may show it is justly entitled.

Respectfully submitted,


*/s/ John C. Tollefson*
John C. Tollefson – Attorney-In-Charge
State Bar No. 20109400
Summer L. Frederick
State Bar No. 2407764
Tollefson Bradley Ball & Mitchell L.L.P.
2811 McKinney Avenue, Suite 250
Dallas TX 75204
Telephone:     (214) 665-0100
Facsimile:      (214) 665-0199

**ATTORNEYS FOR PLAINTIFF
NAUTILUS NSURANCE COMPANY**

6065-199/DJ.11513